IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **RFJ, INC.**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　Defendant. | Case No.: __25-2016 T__<br><br><br>Date: November 25, 2025 |

## COMPLAINT

　　Plaintiff RFJ, Inc., d/b/a RFJ Meiswinkel Company, ("Plaintiff") brings this action against the United States for a refund of employment taxes of $776,590.76 for the second quarter of 2021, erroneously assessed and collected under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act § 2301, as amended by the Taxpayer Certainty and Disaster Relief Act of 2020 ("Relief Act") § 207. Plaintiff is entitled to the Employee Retention Credit ("ERC" or "Credit") described in this Complaint because Plaintiff meets the statute's significant-decline-in-gross-receipts eligibility test and otherwise paid qualified wages to its employees during the calendar quarter.

　　In support of this refund claim, Plaintiff alleges:

**I.　NATURE OF ACTION**

1. This is an action for the recovery of employment taxes (together with statutory interest and any appropriate attorney's fees) paid for quarter 2 of 2021.

2. In March 2020, in response to the COVID-19 pandemic, Congress provided for an employee retention credit for 50 percent of up to $10,000 per employee of qualified wages for the year. At the end of 2020, Congress extended and expanded the Credit. Employers could

now claim the Credit for the first and second quarters of 2021; the Credit was also increased to 70 percent of up to $10,000 per employee of qualified wages for each quarter. Congress later made the same Credit available for the third quarter of 2021.

3. One of the ways employers become eligible for the Credit is by experiencing a significant decline in gross receipts, quarter over quarter, as measured against a 2019 reference period, during the last three quarters of 2020 and the first three quarters of 2021.

4. As detailed below, Plaintiff experienced the required significant decline in gross receipts for quarter 1 of 2021, which preceded quarter 2 of 2021 in which Plaintiff claimed the ERC at issue here.

5. Therefore, Plaintiff is an eligible employer who may claim the ERC under the alternative quarter election.

6. Despite these facts, the IRS has failed to pay, and furthermore, upon information and belief, has disallowed, Plaintiff's appropriately filed ERC refund claim.

## II.   PARTIES

7. Plaintiff is a California corporation with its principal place of business at 930 Innes Avenue, San Francisco, California 94124. The last four digits of Plaintiff's tax identification number are 0416.

8. The Defendant is the United States of America.

## III.   JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1491 and 1346(a)(1), and under 26 U.S.C. ("I.R.C.") § 7422.

10. Venue in this Court is proper under 28 U.S.C. § 1491(a).

11. This Complaint is timely under 28 U.S.C. §§ 1491, 2401, and 2501, and under I.R.C. §§ 6532 and 7422.

## IV. LEGAL BACKGROUND

12. In March 2020, Congress passed the CARES Act, which created the Employee Retention Credit. This Credit is generally available to eligible employers for the last three quarters of 2020 and for the first three quarters of 2021.

13. Eligible employers are employers that carry on a trade or business or tax-exempt organizations and that meet certain other criteria. CARES Act § 2301(c)(2).

### A. Aggregation Rule

14. All entities that are members of a controlled group of corporations or trades or businesses under common control under I.R.C. §§ 52(a) or (b), members of an affiliated service group under I.R.C. § 414(m), or otherwise aggregated under I.R.C. § 414(o) are treated as a single employer for purposes of evaluating eligibility for ERC. CARES Act § 2301(d).

### B. Significant Decline in Gross Receipts

15. One way an employer can be an "eligible employer" and thus qualify for ERC is by experiencing a significant decline in gross receipts. The significant-decline-in-gross-receipts test is an objective test. Generally, employers become eligible to claim ERC based on a comparison of the gross receipts of the employer in the quarter in which the Credit is claimed to the same calendar quarter in 2019.

16. For quarters in 2021, employers are eligible for ERC under the significant-decline-in-gross-receipts test if their gross receipts for the quarter decreased by more than 20 percent compared to the corresponding quarter in 2019. CARES Act § 2301(c)(2)(A)(ii)(II), as amended by Relief Act § 207(d)(1)(A).

17. For 2021, there is also an election rule ("alternative quarter election") that allows employers to be eligible for ERC in any quarter based on a greater than 20 percent reduction of gross receipts in the immediately preceding quarter. CARES Act § 2301(c)(2)(B), as amended by Relief Act § 207(d)(2). For example, suppose an employer has gross receipts of 79 percent of the corresponding quarter in quarter 4 of 2020, 88 percent of the corresponding quarter in quarter 1 of 2021, 78 percent of the corresponding quarter in quarter 2 of 2021, and 138 percent of the corresponding quarter in quarter 3 of 2021. This employer qualifies for the ERC in all three 2021 quarters:

- The employer is eligible in quarter 1 of 2021 under the alternative quarter election rule based on the more-than-20-percent reduction in gross receipts in quarter 4 of 2020;
- the employer is eligible in quarter 2 of 2021 without the election based on a more than 20 percent decline in gross receipts; and
- the employer is eligible in quarter 3 of 2021 under the alternative election rule based on the more-than-20-percent reduction in gross receipts in quarter 2 of 2021.

CARES Act § 2301(c)(2)(A) & (B); I.R.C. § 3134(c)(2)(A) & (B); Notice 2021-49, 2021-34 I.R.B. 316.

### C. Qualified Wages

18. To receive ERC, an eligible employer must also pay "qualified wages." CARES Act § 2301(c)(3), as amended by Relief Act § 207(e).

19. Qualified wages are wages and compensation an eligible employer pays to some or all employees during the relevant period, including qualified health plan expenses that are properly allocable to an employee. CARES Act § 2301(c)(3).

20. For quarter 2 of 2021, the rules for determining qualified wages are the same as for 2020 except that the question whether "some or all" wages are qualified wages depends on whether the employer averaged more than 500 full-time employees in 2019. CARES Act § 2301(c)(3)(A)(i), as amended by Relief Act § 207(e)(1).

21. For purposes of determining the average number of full-time employees, a full-time employee is an employee who, with respect to any month in 2019, had an average of at least 30 hours of service per week or 130 hours of service in the month. *Id.* Pursuant to IRS guidance, the average number of full-time employees is determined by taking the sum of the number of full-time employees in each calendar month during which the employer operated in 2019 and dividing that number by the number of months during which the employer operated in 2019. Notice 2021-20, 2021-11 I.R.B. 922, Answer 31; *see also* Notice 2021-49, 2021-34 I.R.B. 316.

### D. Amount of Credit

22. Employers may receive a Credit of up to $7,000 per employee for each quarter in 2021 during which they are eligible.

23. For quarter 2 of 2021, ERC is equivalent to 70 percent of the qualified wages that an eligible employer pays in any quarter. CARES Act § 2301(a), as amended by Relief Act § 207(b). The maximum amount of qualified wages that can be considered in determining the Credit for 2021 is $10,000 per calendar quarter. CARES Act § 2301(b)(1), as amended by Relief Act § 207(c).

24. In this case, Plaintiff is an eligible employer who paid qualified wages and suffered a significant decline in gross revenues such that Plaintiff was entitled to claim an ERC. Despite this, the Defendant has failed to pay and has disallowed Plaintiff's legitimate claim for ERC.

25. Plaintiff brings this suit to recover the ERC wrongfully withheld refund.

## V. CAUSE OF ACTION

26. Plaintiff repeats, realleges, and incorporates by reference herein all preceding paragraphs as through fully set forth herein.

### A. *Plaintiff is an eligible employer.*

27. Plaintiff is a major construction company working on historical renovations, museums, theaters, churches, multi-family homes, and other commercial buildings. It carried on operations during the third quarter of 2021. Thus, Plaintiff meets the initial eligible employer requirements of CARES Act § 2301(c)(2)(A)(i).

28. The aggregation rules in CARES Act § 2301(d) are inapplicable because Plaintiff is not a member of a controlled group of corporations or trades or businesses under common control under I.R.C. §§ 52(a) or (b), or a member of an affiliated service group under I.R.C. § 414(m), or otherwise aggregated under I.R.C. § 414(o).

29. Plaintiff averaged not more than 500 employees in 2019. *See* CARES Act § 2301(c)(3)(A); Notice 2021-20, 2021-11 I.R.B. 922. Thus, all wages, including qualified healthcare expenses, Plaintiff paid to its employees during the quarter at issue are qualified wages. *Id.*

B. ***Plaintiff meets the statutory significant-decline-in-gross-receipts test through the alternative quarter election.***

30. Plaintiff satisfies the statutory significant-decline-in-gross-receipts test for the second quarter of 2021 through the alternative quarter election test.

31. Plaintiff's gross receipts, as determined by its profit and loss statements, for the first quarter of 2021 are as follows:

| Tax Year | Quarter 1 Gross Receipts |
|---|---|
| 2019 | $5,414,638.00 |
| 2021 | $2,193,431.00 |

32. Plaintiff experienced the required decline in gross receipts for the first quarter of 2021, in order to claim ERC for the second quarter of 2021, because its gross receipts for that quarter were less than 80 percent of its gross receipts for the first quarter of 2019. CARES Act § 2301(c)(2)(A) & (B), as amended by the Relief Act § 207(d)(2).

### C. Plaintiff paid qualified wages.

33. Plaintiff paid "qualified wages" to employees during the second quarter of 2021 during which Plaintiff was an eligible employer under CARES Act § 2301(c)(2)(ii)(II), as amended by Relief Act § 207(c).

34. None of the wages include amounts taken into account as payroll costs for Paycheck Protection Program loan forgiveness.

35. The amounts included in the qualified wages also do not include wages taken into account for the COVID-19 related paid sick and family leave credits under sections 7001 and 7003 of the Families First Coronavirus Response Act, or wages taken into account for credits under I.R.C. §§ 41, 45A, 45P, 45S, 1396, 3131, or 3132. Nor are the wages described above excluded from wages that may be included in qualified wages for any other reason.

36. In calculating qualified wages, Plaintiff determined each employee's gross wages during the relevant quarter including qualified health plan expenses.

### D. Plaintiff has paid employment taxes and made a proper claim for refund.

37. Plaintiff filed and paid employment taxes to the IRS and later claimed ERC using the procedures the IRS designated for such claims. Attached as Exhibit A are the relevant tax returns that Plaintiff filed.

38. The amount of refund to which Plaintiff is entitled is $776,590.76.

### E. Defendant has failed to pay Plaintiff's valid ERC refund claim.

39. Plaintiff timely filed its refund claim for ERC.

40. As established above, Plaintiff is legally entitled to the claimed ERC.

41. Defendant nonetheless has disallowed Plaintiff's ERC claim.

42. Because Plaintiff has established entitlement to ERC, the United States should be compelled to pay ERC, plus statutory overpayment interest, to Plaintiff under I.R.C. § 7422.

43. Defendant must pay interest on the refund amount Defendant owes Plaintiff using the interest rate established under I.R.C. § 6621. *See* I.R.C. § 6611(a). This interest is owed "from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days." I.R.C. § 6611(b)(2).

## PRAYER FOR REFLIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgement against Defendant, the United States of America, for:

(A) A tax refund of $776,590.76 for the ERC at issue in this case and described above or such greater amount as is legally refundable, plus statutory overpayment interest;

(B) Reasonable litigation and administrative costs as allowed by law; and

(C) All other further relief to which Plaintiff may be entitled.

Dated: November 25, 2025                    Respectfully submitted:

*/s/ J. Peter Haukebo*
J. PETER HAUKEBO, Esq.
Frost Law
839 Bestgate Road, Suite 400
Annapolis, MD 21401
Phone: (410) 497-5947
Facsimile: (888) 235-8405
Email: peter.haukebo@askfrost.com

*/s/ Zachary J. T. Lyda*
ZACHARY J.T. LYDA, Esq.
Frost Law
839 Bestgate Rd. Ste. 400
Annapolis, MD 21401
Tel: (410) 497-5947
Fax: (888) 235-8405
zachary.lyda@frosttaxlaw.com

*Counsels for Plaintiff*
